```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                    :
PULSE MEDICAL INSTRUMENTS,
INC.                                :

     v.                             :   Civil Action No. DKC 09-0921

                                    :
DRUG IMPAIRMENT DETECTION
SERVICES, LLC                       :
```

**MEMORANDUM OPINION**

Pending is a motion to dismiss (Paper 12) filed by Defendant Drug Impairment Detection Services, LLC ("DIDS"). For the reasons that follow, the motion will be granted and the parties will be invited to submit their views on whether the proper remedy is transfer or dismissal at the hearing on the related case.

**I.  Background**

Plaintiff Pulse Medical Instruments, Inc. ("PMI") filed a complaint on April 13, 2009, asserting (1) fraud by intentional misrepresentation of material fact, (2) fraud by knowing concealment of material fact, and (3) negligent misrepresentation. (Paper 1). The dispute arises from the negotiations leading to an agreement between PMI and DIDS, entered into in 2004. The relief requested includes declaring the 2004 agreement void *ab initio* and rescinding it. (Paper 1, at 20).

Defendant filed a motion to dismiss Plaintiff's complaint on June 8, 2009. (Paper 12). Defendant argues that the case must be dismissed under Fed.R.Civ.P. 12(b)(3) for improper venue or, alternatively, for failure to state a claim under Fed.R.Civ.P. 12(b)(6). (*Id.* at 2). Defendant asserts that venue is improper in Maryland because a forum selection clause in the 2004 agreement specified that "any and all suits" arising out of the agreement "shall be brought in the Courts of the State of Connecticut or the United States District Court of Connecticut . . . ." (*Id.* at 3). Alternatively, Defendant contends that Plaintiff has not stated a cause of action because Plaintiff missed a deadline for bringing their claims pursuant to the "limitation of claims and remedies clause" in the 2004 agreement. (*Id.* at 14).[1]

**II. Motion to Dismiss: Venue**

In this circuit, when venue is challenged by a motion to dismiss, the plaintiff must establish that venue is proper:

> The burden of showing that the court has personal jurisdiction lies with the plaintiff, *see, Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir. 1989), as does the burden of showing that venue is proper. *See, Bartholomew v. Virginia Chiropractors Association,* 612 F.2d 812, 816 (4th Cir. 1979), *cert. denied,* 446 U.S. 938, 100 S.Ct.

---

[1] Because this case will either be dismissed or transferred under Rule 12(b)(3) for improper venue, the court will not address the merits of the case.

2

...

> 2158, 64 L.Ed.2d 791 (1980), *overruled on other grounds by Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119, 102 S.Ct. 3002, 73 L.Ed.2d 647 (1982).

*Gov't of Egypt Procurement Office v. M/V ROBERT E. LEE*, 216 F.Supp.2d 468, 471 (D.Md. 2002)

DIDS invokes a forum selection clause provision of the 2004 agreement in its motion to dismiss under Fed.R.Civ.P. 12(b)(3). When a court considers a motion to dismiss for improper venue based on a forum selection clause,

> the court is allowed to freely consider evidence outside the pleadings, unlike under a 12(b)(6) motion. *Id.* [*Sucampo Pharms, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006).] In addition, when resolving a motion to dismiss under Rule 12(b)(3), "'the pleadings are not accepted as true, as would be required under a Rule 12(b)(6) analysis.'" *Id.* at 549 (*quoting Argueta v. Banco Mexicano*, 87 F.3d 320, 324 (9th Cir. 1996)). Nevertheless, "[i]n deciding a motion to dismiss, all inferences must be drawn in favor of the plaintiff, and 'the facts must be viewed as the plaintiff most strongly can plead them.'" *Sun Dun, Inc. of Washington v. Coca-Cola Co.*, 740 F.Supp. 381, 385 (D.Md. 1990) (*quoting Coakley & Williams, Inc. v. Shatterproof Glass Corp.*, 706 F.2d 456, 457 (4th Cir. 1983)).

*Silo Point II LLC v. Suffolk Const. Co., Inc.*, 578 F.Supp.2d 807, 809 (D.Md. 2008). Here, DIDS has supplied a copy of the 2004 Agreement, which can be considered by the court. (Paper 12, Attach. 3). The Agreement is also referred to in the complaint.

According to the United States Court of Appeals for the Fourth Circuit:

> A forum-selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). A clause is unreasonable if (1) it was the result of "fraud or overreaching"; (2) "trial in the contractual forum [would] be so gravely difficult and inconvenient [for the complaining party] that he [would] for all practical purposes be deprived of his day in court"; or (3) "enforcement would contravene a strong public policy of the forum in which suit is brought[.]" *Id.* at 15-18, 92 S.Ct. 1907; *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996).

*Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204, 213-14 (4th Cir. 2007). Here, Plaintiff contends that the entire Agreement was procured through fraud and misrepresentation, but does not argue that the forum selection clause specifically was induced by fraud. That is not enough. To challenge the clause on the basis of fraud or overreaching, a party must establish that "the inclusion of that clause [itself] in the contract was the product of fraud or coercion." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974). Plaintiff does not contend that litigation in Connecticut would be unduly burdensome or contravene some public policy of Maryland.

Plaintiff also contends that this suit does not "arise out" of the Agreement, an issue of contract interpretation. The contract provision in ¶ 25 reads:

> Issues and questions concerning the construction, validity, enforcement and interpretation of this Agreement and the exhibits and schedules hereto shall be governed by, and construed in accordance with, the laws of the State of Connecticut, without giving effect to any choice of law or conflict of law rules or provisions (whether of the State of Connecticut or any other jurisdiction) that would cause the application of the laws of any jurisdiction other that [sic] the State of Connecticut. In furtherance thereof, any and all suits, legal actions or proceeding arising out of this Agreement shall be brought in the Courts of the State of Connecticut or the United States District Court for the District of Connecticut and each party hereby agrees to submit to the personal jurisdiction of such Courts.

(Paper 12, Attach. 3, ¶ 25). This mandatory language is generally broadly applied. For example, the Maryland courts have held:

> In construing the phrase "arising out of 'Contract Service,'" we applied the definition of the term "arising out of" that the Court of Appeals had used in *Northern Assurance Co. v. EDP Floors*, 311 Md. 217, 230, 533 A.2d 682 (1987). *See CSX Transp.*, 111 Md.App. at 640-41, 683 A.2d 1127. In *EDP Floors*, a case involving the duty of an insurance company to defend an insured employer from a tort suit based on an employee's negligence, the Court concluded that the "words 'arising out of' must be afforded their common understanding, namely, to mean originating from, growing out of,

> flowing from, or the like." 311 Md. at 220-21, 230, 533 A.2d 682.

*Stratakos v. Parcells*, 172 Md.App. 464, 472, (Md.App. 2007).

Other courts agree:

> To "arise out of" means "to originate from a specified source," Webster's Third New International Dictionary 117 (1981); *see Coregis Ins. Co. v. Am. Health Found., Inc.*, 241 F.3d 123, 128 (2$^d$ Cir. 2001), and generally indicates a causal connection, *Coregis*, 241 F.3d at 128.

*Phillips v. Audio Active Ltd.*, 494 F.3d 378, 389 (2$^d$ Cir. 2007).

This is not to say that such terminology applies to all cases involving a contract:

> We do not understand the words "arise out of" as encompassing all claims that have some possible relationship with the contract, including claims that may only "relate to," be "associated with," or "arise in connection with" the contract. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 644, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) (Stevens, J., dissenting) (distinguishing between scope afforded by phrases "arise" out of and "in relation to"); *Coregis*, 241 F.3d at 128-29; *Wyeth*, 119 F.3d at 1074 (reasoning that "arising in relation to" is broader than "arising under"); *but cf. Roby*, 996 F.2d at 1361 (declining to differentiate between phrases "relating to," "in connection with," and "arising from" and holding that broadly worded clause encompassed non-contract claims).
>
> In the same vein, we decline to ascribe to these three words the expansive connotations set out in *Omron Healthcare, Inc. v. Maclaren Exps. Ltd.*, 28 F.3d 600 (7th Cir. 1994), where the Seventh Circuit enforced a substantially similar forum selection clause

>in a comparable factual scenario. In *Omron*, the Seventh Circuit enforced a forum clause covering "all disputes arising out of" a contract against the plaintiff-distributor who had brought suit alleging that the defendant-manufacturer continued to sell merchandise bearing the plaintiff's trademark after the distribution agreement between the parties had terminated. *Id.* at 601-04. The Omron court reasoned that "all disputes the resolution of which arguably depend on the construction of an agreement 'arise out of' that agreement." *Id.* at 603.
>
>The scope attributed by the Seventh Circuit to the words "arise out of" was adopted from its interpretation of arbitration clauses. *Id.* at 603. Like the Seventh Circuit, typically we view phrases similar to "arise out of" in arbitration clauses to cover collateral matters that implicate issues of contract construction. See Louis Dreyfus, 252 F.3d at 224-25. Unlike the court in *Omron*, we decline to import whole the interpretive guidelines developed by the federal courts to assess the scope of arbitration clauses into the present context. *See Omron*, 28 F.3d at 603.

*Phillips v. Audio Active Ltd.*, 494 F.3d at 389.

In this case, the parties agreed to apply the law of Connecticut to their disputes, so it is appropriate to look to Connecticut cases for guidance on this issue of contract interpretation. As recently stated in an unreported opinion:

>In a recent *per curiam* decision, our Supreme Court affirmed and adopted the trial court's decision which included a broad interpretation of the phrase "arising out of" in the context of an insurance coverage dispute similar to this case. The trial court (Beach, J.) wrote: "It is generally understood that for liability for an

7

>     accident or an injury to be said to arise
>     out of an occurrence or offense, it is
>     sufficient to show only that the accident or
>     injury was connected with, had its origins
>     in, grew out of, flowed from, or was
>     incident to that occurrence or offense ...
>     To arise out of means to originate from a
>     specified source ... to originate; to stem
>     from ... to result from. The phrase arising
>     out of is usually interpreted as indicating
>     a causal connection." (Citations omitted;
>     internal quotation marks omitted.) *Royal
>     Indemnity Co. v. Terra Firma, Inc.*, 50
>     Conn.Supp. 563, 574, 948 A.2d 1101 (2006),
>     *aff'd per curiam*, 287 Conn. 183, 947 A.2d
>     913 (2008).

*Ocsai v. Exit 88 Hotel, LLC*, 2008 WL 5572962, 4 (Conn.Super. 2008).

The parties agreed that Connecticut law should apply to any issue concerning the "construction, validity, enforcement and interpretation of this Agreement." (Paper 12, Attach. 3, ¶ 25). And the forum selection clause was included to "further" that goal. Thus, the forum selection clause is meant to apply to any claim arising out of the Agreement, including its validity. Plaintiff's claims would not exist were it not for the 2004 Agreement. Those claims "arise from" the Agreement and are subject to the mandatory forum selection clause.

Defendant seeks dismissal, but transfer might be more appropriate:

>     In addressing the issue of proper venue in
>     the context of a possible dismissal of the
>     action, the "usual procedure should be
>     transfer rather than dismissal." 15 C.

8

> Wright, A. Miller, & E. Cooper, Federal Practice and Procedure, § 3827, p. 274 (2$^d$ ed. 1986); *see generally Enterprise Rent-A-Car v. Stowell*, 137 F.Supp.2d 1151 (D.Mo. 2001); *Arctic Equipment of Texas, Inc. v. IMI Cornelius, Inc.,* 2001 WL 257981 (D.Tex. 2001) (stating that a preference for transfer is strengthened when a forum selection clause expressly provides for venue in another district); *United States ex rel. Tech Coatings v. Miller-Stauch Constr. Co.,* 904 F.Supp. 1209 (D.Kan. 1995). Transfer is more in the interest of justice than dismissal. *See Nation v. United States Government*, 512 F.Supp. 121 (S.D.Ohio 1981); *Full-Sight Contact Lens Corp. v. Soft Lenses, Inc.,* 466 F.Supp. 71 (S.D.N.Y. 1978).

*Davis Media Group, Inc. v. Best Western Intern., Inc.,* 302 F.Supp.2d 464, 470 (D.Md. 2004).

Because the law favors transfer, the parties are invited to submit their views on whether the proper remedy is transfer or dismissal at the hearing for the related case DKC-07-1388 on November 24, 2009.

                                                                             /s/
                                     DEBORAH K. CHASANOW
                                     United States District Judge